**UNITED STATES of America, Appellee,**

v.

**Eric MITCHELL, Appellant.**

**No. 90–3022.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 11, 1991.

Decided Aug. 12, 1991.

Thomas J. O'Hern, Little Rock, Ark., for appellant.

Terry L. Derden, Little Rock, Ark., for appellee.

Before JOHN R. GIBSON and LOKEN, Circuit Judges, and HENLEY, Senior Circuit Judge.

LOKEN, Circuit Judge.

Eric Mitchell appeals the ninety-month sentence he received after pleading guilty to possession with intent to distribute more than five grams of cocaine base. Mitchell contends that a prior conviction for fictitious license was not "similar to [the] instant offense" under § 4A1.2(c)(1) of the Sentencing Guidelines and therefore should not have been used in determining his criminal history category for sentencing purposes. We agree and remand for resentencing.

Mitchell was indicted on this drug charge in June 1989 but failed to appear for his trial. He was arrested in August 1990 and convicted on unrelated state charges. After serving that sentence, Mitchell was transferred to federal custody and then pleaded guilty to the 1989 indictment.

The Sentencing Guidelines require a sentencing court to calculate the defendant's criminal history category. The more prior sentences included in this calculation, the higher the criminal history category, which in turn increases the defendant's guideline range sentence. *See* U.S.S.G. Ch. 4, Pt. A. In calculating Mitchell's criminal history category, the presentence report added one guideline point for a January 1989 state court conviction for "fictitious license." This point put Mitchell into criminal history category III, which produced a guideline range of 78–97 months, instead of category II, which would have produced a guideline range of 70–87 months.

Mitchell objected to the presentence report, arguing to the district court, as he does on appeal, that the fictitious license conviction should be an excluded misdemeanor or petty offense under § 4A1.2(c). That section reflects the Sentencing Commission's conclusion that some of a defendant's prior misdemeanors and petty offenses may not be serious enough to be counted in determining the guideline range sentence.

Mitchell's fictitious license conviction followed his arrest for driving his car with his brother's license plates, an arrest that reportedly occurred near a "crack house" during or shortly after a drug raid. The

district court determined that this offense was potentially excludable because of its similarity to two types of misdemeanors and petty offenses listed in § 4A1.2(c)(1), "driving without a license" and "false information to a police officer." However, the district court concluded that Mitchell's fictitious license sentence must nonetheless be counted in calculating his criminal history category because it "is closely related to defendant's activities relating to the offense of drug dealing and his attempt to obstruct justice by failing to appear for the scheduled trial of the instant offense."

We agree with the district court that Mitchell's fictitious license conviction is similar to the offenses of "driving without a license" and "false information to a police officer" in § 4A1.2(c)(1). However, as the court noted, that section does not provide a blanket exclusion.[1] Even though a prior offense falls under § 4A1.2(c)(1), it will still count in determining criminal history category "if (A) the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense." Mitchell's only punishment for the fictitious license conviction was a $100 fine. Thus, this appeal turns on whether his fictitious license offense was "similar to" the drug charge for which he was being sentenced.

The Sentencing Commission's Commentary does not explain what it meant by the term "similar to." The government argues that an offense listed in § 4A1.2(c)(1) must be counted if it is "sufficiently related" to the offense being sentenced. This argument is not consistent with the plain meaning of the word "similar." In normal parlance, two offenses are "similar" if they resemble one another, whether or not they are "related." Thus, as we have recognized, "[s]imilar crimes are not necessarily

related crimes." *United States v. Lowe,* 930 F.2d 645, 647 (8th Cir.1991).

We note that the language of § 4A1.2(c)(1)(B)—"the prior offense was similar to an instant offense"—is like a phrase in Rule 8(a) of the Federal Rules of Criminal Procedure that permits two or more offenses to be charged in the same indictment "if the offenses ... are of the same or similar character." The word "similar" in Rule 8(a) has been given its normal, dictionary meaning. *See United States v. Lindsey,* 782 F.2d 116, 117 (8th Cir.1986) (" 'similar' character ... means '[n]early corresponding; resembling in many respects; somewhat alike; having a general likeness' "); *United States v. Werner,* 620 F.2d 922, 926 (2d Cir.1980). We also find it significant that the Commission used the phrase "related cases" in § 4A1.2(a)(2), and then defined that phrase broadly in Application Note 3. This seems to confirm that the Commission intentionally distinguished between the words "similar" and "related" in drafting the various provisions of § 4A1.2. Under these circumstances, we conclude that if the Commission had intended to count all "related" § 4A1.2(c)(1) misdemeanors and petty offenses, rather than all "similar" offenses, it would have said so. Therefore, the phrase "similar to" must be given its normal meaning, and not the meaning urged by the government, in applying § 4A1.2(c)(1)(B).

Based upon the normal meaning of the word "similar," as defined in cases like *United States v. Lindsey,* we think the district court's application of § 4A1.2(c)(1) to Mitchell's sentencing was clearly erroneous. The district court found that Mitchell's fictitious license offense was "closely related" to his drug dealing. That may well be true, given the circumstances re-

---

1. Mitchell suggests that his offense is similar to "minor traffic infractions (e.g., speeding)," one of the § 4A1.2(c)(2) categories of petty offenses that are never counted in determining criminal history category. But he does not press the point, and rightly so. The district court's finding that Mitchell's driving with false license plates is more like "driving without a license" under § 2(c)(1) than a "minor traffic infraction" under § 2(c)(2) is obviously sound and certainly does not violate the clearly erroneous standard we apply to such decisions. *See United States v. Justice,* 877 F.2d 664, 670 (8th Cir.), *cert. denied,* — U.S. —, 110 S.Ct. 375, 107 L.Ed.2d 360 (1989).

portedly surrounding the fictitious license arrest. Nonetheless, the two offenses of drug dealing and driving with false license plates are not remotely "similar" to each other, and any drug offenses to which Mitchell might have been a party at the time of his fictitious license arrest were never charged and do not justify skewing the § 4A1.2(c)(1) determination, particularly when the sentencing process would not afford Mitchell a fair opportunity to establish that his fictitious license offense was not in fact "related" to drug activities many months later.

The district court also found that Mitchell's prior fictitious license offense was "closely related" to his failing to appear for trial of this drug charge. In some circumstances, falsifying vehicle license plates and failing to appear for trial might conceivably be "similar" offenses for purpose of § 4A1.2(c)(1). But the question is not before us. Though Mitchell was initially charged with failing to appear for trial, this charge was dropped when he pleaded guilty to the drug charge. Thus, failure to appear for trial is not an "instant offense" for § 4A1.2(c)(1) purposes. *Cf. United States v. Kirby*, 921 F.2d 254, 256 (10th Cir.1990) (instant offense as used in § 4A1.2(e) means the offense being sentenced).

Because Mitchell's prior conviction for fictitious license was not "similar to an instant offense," the district court misapplied § 4A1.2(c)(1) in calculating Mitchell's criminal history category. Accordingly, the cause is remanded for resentencing.