**UNITED STATES of America, Appellee,**

v.

**Stuart ZIGLIN, Appellant.**

**No. 91–3532.**

United States Court of Appeals, Eighth Circuit.

Submitted April 14, 1992.

Decided May 14, 1992.

---

Mary P. Schroeder, St. Louis, Mo., argued (Raymond A. Bruntrager, on brief), for appellant.

James E. Crowe, St. Louis, Mo., argued, for appellee.

Before McMILLIAN, BOWMAN, Circuit Judges, and EISELE,* Senior District Judge.

BOWMAN, Circuit Judge.

Stuart Ziglin appeals from the sentence imposed by the District Court[1] following his guilty pleas on one count of conspiracy to bribe a public official in violation of 18 U.S.C. §§ 201(b)(1), 371 (1988) and one count of bribing a public official in violation of 18 U.S.C. § 201(b)(1). We affirm.

Ziglin's claim that the District Court erred in applying the 1989 amendments to the Sentencing Guidelines to his conspiracy conviction is baseless. The initial draft of the Presentence Report covering the conspiracy conviction ("Report") included a related conduct increase in Ziglin's offense level based on a section added to the Guidelines by the 1989 amendments. The conduct in question related to the conspiracy conviction was concluded by April 30, 1989, before the November 1, 1989, effective date of the 1989 amendments. After Ziglin's objection, the final version of the Report was changed to reflect this fact. The addendum to the Report did state that "this issue can be considered an aggravating circumstance which might warrant departure." Addendum to Presentence Report for Docket No. 90–00161CR(3) at 2, *reprinted in* Appellant's Appendix at 25, 26. The District Court, however, did not consider an upward departure, but instead granted a downward departure. Ziglin's assertion that the 1989 Guideline amendments erroneously were applied retroactively with respect to this issue is without merit.

Ziglin next objects to the fact that two presentence reports were prepared in this case, instead of one report that would

---

* The HONORABLE GARNETT THOMAS EISELE, Senior United States District Judge for the Eastern District of Arkansas, sitting by designation.

1. The Honorable William L. Hungate, Senior United States District Judge for the Eastern District of Missouri.

have grouped the two convictions. We fail to see how Ziglin was harmed by this alleged error. The Report noted the sentences to be imposed should comply with the grouping provisions of the Guidelines, as the criminal conduct underlying the two convictions was viewed as one ongoing scheme. The Report also indicated that the sentences should run concurrently. On the bribery conviction, Ziglin received a twenty-one month sentence to run concurrently to the twenty-four month sentence he received as a result of his conspiracy conviction. He thus received the same sentence he would have received had the two convictions been covered in one presentence report. Accordingly, we find no prejudicial error in the manner in which Ziglin was sentenced.

■ Next, Ziglin challenges the eleven-level increase in his offense level given pursuant to United States Sentencing Commission, *Guidelines Manual,* § 2C1.1(b)(1) (Nov.1987). Section 2C1.1(b)(1) utilizes the offense level chart of U.S.S.G. § 2F1.1(b)(1) when the value of the benefit to be received as a result of the bribe exceeds $2,000. Section 2F1.1(b)(1)(J) of the 1987 Guidelines establishes a nine-level increase if the value of the action to be received is between $1,000,001 and $2,000,000. Apparently, however, Ziglin's offense level increase was computed according to the 1989 Guidelines, which provide for an eleven-level increase when the benefit to be received is greater than $800,000 and less than $1,500,000. U.S.S.G. § 2F1.1(b)(1)(L) (Nov.1989). Ziglin, however, has not objected to this apparently erroneous retroactive application of the 1989 Guidelines to the value of the action to be received as a result of the bribery scheme, and so we decline to require the District Court to resentence him as this apparent error does not result in a miscarriage of justice and thus is not plain error.[2] *See United States*

*v. Ybabez,* 919 F.2d 508, 510 (8th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1398, 113 L.Ed.2d 454 (1991).

■ Ziglin apparently claims that he was to receive only $20,000 for his part in the conspiracy, and that his offense level thus should be adjusted accordingly. We disagree. "[T]he value of ... the action received in return for the bribe" offered by Ziglin is equal to the tax liability he sought to eliminate.[3] U.S.S.G. § 2C1.1(b)(1) (Nov. 1987). This amount is the $1,432,425.58 that he stipulated was the amount of taxes that were to be "wiped off the books" as a result of the bribery scheme. Thus the value of the action to be received in return for the bribe was determined correctly.

■ Finally, Ziglin objects to the calculation of his criminal history category. "Sentences for misdemeanor and petty offenses are counted," with the exception of certain specified offenses. U.S.S.G. § 4A1.2(c) (Nov.1987). Ziglin's prior offenses of exhibiting a deadly weapon in a threatening manner and petty theft are not on the exclusionary lists of subsections 4A1.2(c)(1) and (c)(2), nor are they similar to the listed offenses. Thus, they properly are counted when determining Ziglin's criminal history category. *United States v. Hoelscher,* 914 F.2d 1527, 1537 (8th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 971, 112 L.Ed.2d 1057 *and* —— U.S. ——, 111 S.Ct. 2240, 114 L.Ed.2d 482 (1991). Accordingly, even if this issue is appealable, and we doubt that it is since the actual sentence imposed (twenty-four months) falls below the sentencing range Ziglin espouses (thirty to thirty-seven months), there is no error.

Ziglin's sentence is affirmed.

---

**2.** If Ziglin had been given a nine-level increase instead of an 11–level increase, his offense level would have been 17 instead of 19. Under either Criminal History Category I or II, the actual sentence of 24 months given him falls either below the sentencing guidelines range (27–33 months for category II) or within the guidelines range (24–30 months for category I).

**3.** It is irrelevant that the taxes that were to be avoided as a result of the bribery scheme were the taxes of third parties and not Ziglin's taxes, as the Guidelines speak only of the value of the benefit to accrue as a result of the bribe.