# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2019

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Minnesota. |
| | * | |
| Shellie Lee Langmade, | * | [PUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted:  December 13, 2000

Filed:  December 29, 2000

_____

Before McMILLIAN, FAGG, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Shellie Lee Langmade pleaded guilty to conspiracy to manufacture methamphetamine.  The presentence report (PSR) assigned Langmade three criminal history points under U.S.S.G. § 4A1.1 resulting in a criminal history category of II, but the district court departed downward under U.S.S.G. § 4A1.3 to a criminal history category of I, finding category II overstated the seriousness of Langmade's past criminal conduct.  Although Langmade's sentencing range was then 70-87 months, the amount of drugs involved triggered a statutory mandatory minimum sentence of ten years imprisonment.  At sentencing, Langmade argued she was eligible for relief under

the "safety valve," U.S.S.G. § 5C1.2, which requires a district court to sentence a defendant within the applicable guidelines range regardless of any statutory minimum sentence if, among other things, the defendant does not have more than one criminal history point "as determined under the sentencing guidelines." U.S.S.G. § 5C1.2(1). The district court decided that given its downward departure to criminal history category I under § 4A.1.3, it could apply the safety valve in § 5C1.2. Although we had held otherwise in <u>United States v. Moog</u>, 94 F.3d 649 (8th Cir. 1996), the district court declined to follow our unpublished opinion. The Government appeals. Our unpublished decisions are binding precedent that district courts in this circuit must follow. <u>See</u> <u>Anastasoff v. United States</u>, 223 F.3d 898, 899 (8th Cir. 2000). Even according to our more recent published case law, the district court's reduction of Langmade's criminal history category under § 4A1.3 does not delete criminal history points for the purposes of the safety valve. <u>See</u> <u>United States v. Webb</u>, 218 F.3d 877, 881 (8th Cir. 2000). Because Langmade was properly charged with three criminal history points under § 4A.1.1, she does not qualify for the safety valve reduction under § 5C1.2. <u>See</u> <u>id.</u> at 882. We thus reverse and remand for resentencing consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-