# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2908

_____

United States of America,

        Appellee,

v.

Troy Woodard,

        Appellant.

    \* Appeal from the United States
    \* District Court for the
    \* District of Nebraska.

    \* [UNPUBLISHED]

_____

Submitted: May 15, 2003
Filed: May 28, 2003

_____

Before BOWMAN, MELLOY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Troy Woodard pleaded guilty to conspiring to possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 846. The district court[1] sentenced him to 120 months imprisonment and 5 years supervised release. On appeal, Woodard argues that under U.S.S.G. § 4A1.2(c)(1) and (2), the district court erred by assigning criminal history points to state sentences for petty theft and marijuana possession, that the court should have departed downward, and that the

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

court erred by denying his motion to continue sentencing so he could pursue his motions in state court to set aside the disputed sentences.

The district court did not clearly err by including Woodard's prior marijuana-possession and theft sentences in his criminal history score. See United States v. Jenkins, 989 F.2d 979, 979-80 (8th Cir. 1993) (applying clearly erroneous standard to decision regarding similarity of prior offense to list of excluded offenses under U.S.S.G. § 4A1.2(c)(1) and (c)(2); Nebraska conviction for possession of less than ounce of marijuana was not excluded from criminal history score); United States v. Ziglin, 964 F.2d 756, 758 (8th Cir. 1992) (petty-theft offense not excluded from criminal history score). Further, the district court's discretionary decision not to depart downward is unreviewable, see United States v. Edwards, 225 F.3d 991, 992-93 (8th Cir. 2000) (refusal to depart from Guidelines is unreviewable as long as district court was aware of its authority to depart), cert. denied, 531 U.S. 1100 (2001), and we cannot conclude that the district court committed a prejudicial abuse of discretion in denying Woodard's motion to continue sentencing, see United States v. Ulrich, 953 F.3d 1082, 1085 (8th Cir. 1991) (district court's refusal to continue sentencing should be reversed only if court abused its discretion and defendant was prejudiced).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-