# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

RONALD JAY MORTON,
        *Defendant-Appellant.*

No. 03-4408

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CR-02-325-DKC)

Submitted: January 23, 2004

Decided: February 17, 2004

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Douglas J. Wood, Riverdale, Maryland, for Appellant. Thomas M. DiBiagio, United States Attorney, Barbara S. Skalla, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Ronald Jay Morton pled guilty to possession of more than 100 grams of phencyclidine (PCP) with intent to distribute, 21 U.S.C.A. § 841(a), (b)(1)(B) (West 1999 & Supp. 2003), and was sentenced to the mandatory minimum term of five years imprisonment. He appeals his sentence, arguing that the district court erred in assigning one criminal history point for a prior eighteen-month sentence of probation for fleeing to elude police,* *U.S. Sentencing Guidelines Manual* §§ 4A1.1(c), 4A1.2(c)(1) (2002), and that the court failed to recognize its authority to depart downward pursuant to USSG § 4A1.3, p.s., to make Morton eligible for the safety valve provisions, USSG §§ 2D1.1(b)(6), 5C1.2. We affirm.

Under § 5C1.2, a defendant may be sentenced below a mandatory minimum sentence if he meets five criteria, the first of which is that he may not have more than one criminal history point "as determined under the sentencing guidelines." USSG § 5C1.2(a)(1). Application Note 1 explains that, "'[m]ore than 1 criminal history point, as determined under the sentencing guidelines,' . . . means more than one criminal history point as determined under § 4A1.1 (Criminal History Category)." Morton's offense level was 23 and he had two criminal history points, which placed him in criminal history category II and resulted in a guideline range of sixty months (the mandatory minimum sentence) to sixty-three months.

Morton sought to convince the district court that his prior sentence for fleeing to elude police should be excluded from the criminal his-

---

*This incident apparently occurred in an area under federal jurisdiction as Morton was charged with several state offenses arising from the accident and prosecuted in the U.S. District Court for the District of Maryland. *See* 18 U.S.C. § 13 (2000) (assimilated crimes). He was convicted only of "flee to elude." *See* Md. Code Ann. (Transp.) § 21-904 (2002). Although Morton characterizes his offense as fleeing on foot, it is not clear from the information in the presentence report or the sentencing transcript whether he fled on foot or in a vehicle, both of which are prohibited under the statute.

tory calculation under § 4A1.2(c)(2) because it was similar to certain minor offenses listed there that are never counted. The district court disagreed, finding that the offense was more like those listed under § 4A1.2(c)(1), misdemeanor and petty offenses that are counted only in certain circumstances. One such circumstance is that the sentence was a term of probation of at least one year. "Flee to elude" is not listed, but offenses similar to the listed offenses are also to be counted unless they are excluded because of the brevity of the sentence. The court found that one criminal history point was properly awarded for the eighteen-month sentence of probation.

Morton also requested a downward departure to criminal history category I under § 4A1.3, which he maintained would eliminate one of his criminal history points and made him eligible for a sentence under the safety valve. The district court determined that a departure would not alter Morton's criminal history score, declined to depart, and imposed a sentence of sixty months imprisonment.

We first conclude that the district court did not err in counting Morton's sentence for fleeing to elude. Morton argues that fleeing to elude should be considered a minor traffic offense that is less serious than the offenses listed in § 4A1.2(c)(1) because it is conduct that is prohibited under the Maryland Transportation Code rather than the criminal code. However, a first violation of § 21-904 of the Maryland vehicle law is a misdemeanor punishable by a fine of $1000 or imprisonment for not more than a year. Md. Code Ann. (Transp.) § 27-101(p) (2002). Thus, it is more than a minor traffic infraction, which would be punishable by a civil penalty. The district court did not err in deciding that fleeing to elude police is an offense that is similar to those offenses listed in § 4A1.2(c)(1). Because Morton received a sentence of probation for more than one year, the sentence was correctly counted. The rule of lenity does not apply because § 4A1.2(c)(1) is not ambiguous; it merely requires the district court to determine whether a particular state offense is similar to the listed offenses. *See United States v. Webb*, 218 F.3d 877, 881 (8th Cir. 2000) (to determine which offenses are similar to those listed in § 4A1.2(c), court considers plain meaning of "similar" and compares resemblance and character of offenses).

Second, Morton argues that the district court wrongly decided that a departure under § 4A1.3 would not reduce his criminal history

points and thus would not make him eligible for a sentence below the mandatory minimum pursuant to § 5C1.2 or the two-level reduction under § 2D1.1(b)(6). However, Application Note 1 to § 5C1.2 states that, "'More than 1 criminal history point, as determined under the sentencing guidelines' . . . means more than one criminal history point as determined under § 4A1.1 (Criminal History Category)." Following the commentary, other circuits that have addressed the issue have all held that a departure to criminal history category I does not alter the computation of a defendant's criminal history points and that a defendant whose correctly determined criminal history score includes more than one point is not eligible for a sentence under the safety valve provision. *United States v. Penn*, 282 F.3d 879, 881 (6th Cir. 2002) (safety valve provision limited to defendants who have no more than one criminal history point as calculated under § 4A1.1 regardless of whether district court departs under § 4A1.3); *Webb*, 218 F.3d at 881-82; *United States v. Owensby*, 188 F.3d 1244, 1246 (10th Cir. 1999); *United States v. Robinson*, 158 F.3d 1291, 1294 (D.C. Cir. 1998); *United States v. Orozco*, 121 F.3d 628, 630 (11th Cir. 1997); *United States v. Resto*, 74 F.3d 22, 28 (2d Cir. 1996); *United States v. Valencia-Andrade*, 72 F.3d 770, 774 (9th Cir. 1995). We find these decisions persuasive. The district court correctly determined that a departure would not make Morton eligible for the safety valve provision.

Morton also contends that the district court failed to acknowledge its authority to depart downward under § 4A1.3 on the ground that criminal history category II overstated his criminal record. Generally, the district court's decision not to depart is only reviewable on appeal if the district court based its decision on a mistaken belief that it lacked legal authority to depart. *United States v. Edwards*, 188 F.3d 230, 238-39 (4th Cir. 1999). The record discloses that the district court was not in any doubt about its authority to depart under § 4A1.3, but decided that there was no point in considering a departure because a departure would not lower the number of Morton's criminal history points and thus would not benefit him. In this it was correct.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*