

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-28-2006

# USA v. Jackson

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2580

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Jackson" (2006). *2006 Decisions.* Paper 1525.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1525

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-2580

———————

UNITED STATES OF AMERICA

v.

DENISE OLIVIA JACKSON,
                              Appellant

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
D.C. Crim. 04-cr-00201
District Judge:  The Honorable Christopher C. Conner

———————

Submitted Under Third Circuit LAR 34.1(a)
February 10, 2006

———————

Before: SCIRICA, Chief Judge, BARRY and FISHER, Circuit Judges

———————

(Opinion Filed: February 28, 2006)

———————

OPINION

———————


BARRY, Circuit Judge

    Appellant Denise Olivia Jackson appeals her sentence for a violation of 18 U.S.C.

§ 1001.  She claims that the District Court erroneously calculated her criminal history

category under the U.S. Sentencing Guidelines ("U.S.S.G."). It did not. Accordingly, we will affirm.

Appellant pled guilty to making a false statement to an agency or department of the United States in violation of 18 U.S.C. § 1001. In the presentence investigation report, appellant was assigned a total offense level of ten and a criminal history category of III based on four criminal history points. The resulting guideline range was ten to sixteen months. Appellant objected to three of the four criminal history points: one each for convictions for failure to pay a local tax, for scattering rubbish, and for violation of Pennsylvania's compulsory school attendance law. At the sentencing hearing, the District Court removed the point assigned for the scattering rubbish offense, lowering appellant's criminal history category to II and guideline range to eight to fourteen months. The District Court granted the government's oral motion for a downward departure based on substantial assistance and sentenced appellant to six months in prison followed by one year of supervised release.

Appellant filed a timely notice of appeal.[1] In her brief to this Court, she renewed her objections to the assignment of criminal history points for her convictions under Pennsylvania's compulsory school attendance law and for failure to pay a local tax. We

_____

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) and "review sentencing decisions for unreasonableness." *United States v. Booker*, 125 S. Ct. 738, 767 (2005). The District Court's interpretation of the now-advisory guidelines is subject to *de novo* review. *Cf. United States v. Irvin*, 369 F.3d 284, 285 n.2 (3d Cir. 2004).

need only address the former.

Section 4A1.1(c) of the guidelines authorized the District Court to add one additional point, up to a maximum of four points, for each of appellant's prior convictions. Section 4A1.2(c)(1), however, provides in pertinent part that

> Sentences for misdemeanor and petty offenses are counted, except as follows:
>
> ***
>
> (2) Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are never counted:
>
> ***
>
> Juvenile status offenses and truancy

Appellant argues that her conviction under Pennsylvania's compulsory school attendance law is a crime that "involved truancy" and was "based on elementally similar conduct" as a juvenile status offense. In support of that argument, she cites our decision in *United States v. Elmore*, 108 F.3d 23 (3d Cir. 1997), where we observed:

> The apparent concern of Guidelines section 4A1.2(c)(1) in excluding from consideration "offenses similar to" the enumerated offenses "by whatever name they are known" is that an offense . . . should not be considered merely because that offense is denominated differently under state law. Accordingly, we follow the approach of the Court of Appeals for the First Circuit in [*United States v. Unger*, 915 F.2d 759, 763 & n.5 (1st Cir. 1990)], and focus only upon the elements of the offenses as statutorily defined.

*Id*. at 27 (citations and footnote omitted). The First Circuit in *Unger*

> reject[ed] outright the idea that state law determines whether an offense runs afoul of section 4A1.2(c)(2), and thus decline[d] appellant's invitation to plumb the nuances of Rhode Island's statutory scheme. . . . The classification of an offense as within or without the ambit of section 4A1.2(c) as a whole, or either of its subsections, is a question of federal

3

law, not state law, notwithstanding that the predicate offense and punishment are defined by state law. . . . We believe that, to ascertain the scope of section 4A1.2(c)(2), we should look to the substance of the underlying state offense in order to determine whether it falls within the proscription. In this case, the conduct underlying defendant's three juvenile adjudications consisted of (1) breaking and entering with intent to commit larceny, (2) receiving stolen goods, and (3) assault and battery. Under no stretch of the imagination can these malefactions be considered "status offenses" like, say, hitchhiking, truancy, loitering, or vagrancy.

*Unger*, 915 F.2d at 762-63 (citations and footnotes omitted).

Here, the "substance of the underlying state offense" was appellant's failure to take reasonable steps to ensure her child's attendance at school.[2] This is not a juvenile status offense, nor is it truancy, for purposes of the federal sentencing scheme. Although "'[j]uvenile status offense' is not defined in the sentencing guidelines," *United States v. Webb*, 218 F.3d 877, 880 (8th Cir. 2000), there is no dispute that appellant committed the crime as an adult, and she concedes that, "[a]s noted by the sentencing court, the

---

[2] *See* 24 P.S. § 13-1333:

> (a)(1) Every parent, guardian, or person in parental relation, having control or charge of any child or children of compulsory school age, who shall fail to comply with the provisions of this act regarding compulsory attendance, shall on summary conviction thereof, be sentenced to pay a fine, for the benefit of the school district in which such offending person resides, not exceeding three hundred dollars ($300) and to pay court costs or be sentenced to complete a parenting education program offered and operated by a local school district, medical institution or other community resources, and, in default of the payment of such fine and costs or completion of the parenting program by the person so offending, shall be sentenced to the county jail for a period not exceeding five (5) days . . . .

***

4

exception has been construed to require, *inter alia*, that the crime was committed when the defendant was a juvenile." (Appellant's Br. at 15) (citing *United States v. Correa*, 114 F.3d 314, 318 (1st Cir. 1997).)[3]

Likewise, truancy is defined as a particular type of juvenile status offense. *See* Black's Law Dictionary 1508 (6th ed. 1990) (defining "truancy" as the "[w]ilful and unjustified failure to attend school by one who is required to attend. It is a punishable offense within the juvenile system in some states and, in others, it is the basis of a petition for a child in need of services"). Appellant was not the one required to attend school. Her offense was based on a failure to take measures to ensure her child's attendance. That offense arose out of her status as an adult responsible for a child, and was not "similar" to a juvenile status offense or truancy in any meaningful way. The District Court's assignment of a criminal history point for this conduct was, therefore, not in error.

We need not address appellant's arguments regarding her local tax offense. Even if that conviction were removed from the calculus, her criminal history category and guideline range would be unaffected. *See* U.S.S.G. ch. 5, pt. A (sentencing table).

---

[3] *See Correa*, 114 F.3d at 318-19 (defining a 'juvenile status offense': "(1) the defendant committed the crime as a juvenile; (2) the conduct would have been lawful if engaged in by an adult; and (3) the offense is not serious") (citations omitted); *see also United States v. Webb*, 218 F.3d 877, 880 (8th Cir. 2000) (affirming district court's determination that offense committed at age nineteen did not constitute a "juvenile status offense").

Accordingly, we will affirm.