# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2001

_____

United States of America,        *
                                  *

               Appellee,      *

                                  *   Appeal from the United States

       v.                  *   District Court for the

                                  *   Northern District of Iowa.

Matthew Dwain Johnston,     *

                                  *

             Appellant.     *

_____

Submitted: December 11, 2007
Filed: July 21, 2008

_____

Before BYE, JOHN R. GIBSON, and MELLOY, Circuit Judges.

_____

BYE, Circuit Judge.

Matthew Dwain Johnston pleaded guilty to possession of firearms and ammunition by an unlawful user of controlled substances in violation of 18 U.S.C. § 922(g)(3), and the district court[1] sentenced him to 120 months of imprisonment, the statutory maximum available for such crime. He appeals his sentence arguing the district court erred in applying a four-level enhancement under United States Sentencing Guideline (U.S.S.G.) § 2K2.1(b)(6) for possession of a firearm in connection with another felony when calculating the advisory guidelines range, erred

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

by assessing criminal history points under U.S.S.G. § 4A1.2(c) for four underage possession of alcohol charges, and abused its discretion by imposing an unreasonable sentence. We affirm.

I

A federal grand jury indicted Johnston on charges of possessing marijuana in violation of 21 U.S.C. § 844(a), and possession of firearms and ammunition by an unlawful drug user in violation of 18 U.S.C. § 922(g)(3). The charges stemmed primarily[2] from an incident where police officers stopped his car for driving at night without headlights. The officers discovered four grams of marijuana on his person during a pat-down search. In addition, two .22 caliber rifles were found in his vehicle, one belonging to a passenger, and another having been reported stolen from a residence in Peosta, Iowa. The vehicle search also uncovered a box containing 145 rounds of .22 caliber ammunition. During the stop, he admitted to smoking marijuana the previous evening. A urine sample he provided tested positive for THC, confirming his recent use of marijuana. With respect to the stolen rifle, he told the officers he found the rifle lying on top of a car outside a residence in Peosta.

Johnston pleaded guilty to the unlawful drug user/firearm charge pursuant to a plea agreement, which contemplated Johnston's base offense level would be 20, and the final offense level would include the following enhancements: 1) a two-level enhancement because of the number of firearms involved; 2) a two-level enhancement for possession of a "destructive device" (a sawed-off shotgun); and 3) a two-level enhancement for possession of a stolen firearm. The plea agreement also contemplated he would receive a three-level reduction for acceptance of responsibility, resulting in a final offense level of 23.

---

[2]The indictment was also based on another incident which tied Johnston to other firearms.

Following the plea hearing, new state criminal charges were filed against Johnston for burglary and vehicle theft.  As a result of this conduct, the probation officer who prepared the presentence report (PSR) recommended denying the three-level reduction for acceptance of responsibility.  In addition, the PSR recommended adding a four-level enhancement under § 2K2.1(b)(6)[3] on the grounds he possessed a firearm in connection with another felony, namely, he burglarized a trailer home in Peosta when he stole the .22 caliber rifle mentioned above.  The PSR recommended a final offense level of 30.

The PSR calculated Johnston's criminal history score as four points, based on four underage possession of alcohol charges he received between the ages of eighteen and twenty.  The PSR suggested the underage possession charges should be counted pursuant to United States v. Webb, 218 F.3d 877 (8th Cir. 2000), which held an underage possession charge for a non-juvenile (someone between the ages of eighteen and twenty-one) should be counted when calculating criminal history. This resulted in a criminal history category of III.[4]  Based on a final offense level of 30, and a criminal history category of III, the PSR calculated Johnston's advisory sentencing range at 121 to 151 months.  The statutory maximum sentence for a violation of 18 U.S.C. § 922(g)(3) is 120 months, below his advisory guideline range.  As a

---

[3]Section 2K2.1(b)(6) provides in relevant part "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense . . . increase [the offense level] by **4** levels."

[4]Johnston's criminal history category III is somewhat misleading.  The PSR contains twenty-four separate paragraphs referring to various charges brought against him between the ages of thirteen and twenty (he was nineteen when the incident which led to this federal charge occurred).  These offenses vary in severity from trespass, alcohol-related charges, drug charges, theft, assault, assault with a dangerous weapon, and burglary.  Many of the charges were adjudicated in juvenile court, some were never prosecuted, and others were still pending at the time he was sentenced in this case.

consequence, his advisory range became 120 months.  See U.S.S.G. § 5G1.1(a) ("Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence.").

Johnston objected to a number of the PSR's recommendations, including the denial for acceptance of responsibility, the four-level enhancement under § 2K2.1(b)(6), and the use of the four underage possession charges in calculating criminal history.  At the sentencing hearing, the government presented testimony from Randy Wernimont, the man whose trailer home was burglarized, and Dubuque County Deputy Sheriff Ryan Kremer, to prove the four-level enhancement.  Ultimately, the district court followed the PSR's recommendations in every aspect, denying acceptance of responsibility, applying the four-level enhancement under § 2K2.1(b)(6), and using the four underage possession charges when calculating Johnston's criminal history score.  The district court therefore found the advisory guideline range was 121-151 months, capped at 120 months pursuant to § 5G1.1(a), and imposed a sentence of 120 months.

In discussing the imposition of sentence, the district court noted – assuming the underage possession charges should not be used to calculate criminal history – Johnston's sentencing range of 97-121 months would overlap with the 120 month sentence imposed.  The district court explained it would still sentence him to 120 months because:

> Defendant has earned that sentence.  He has a very serious criminal conduct, has had very serious criminal conduct beginning at age thirteen.  In juvenile court he had adjustments for criminal conduct that were serious and were not counted in his criminal history, including at age thirteen, possession of alcohol, theft fifth, trespass; at age sixteen, assault; at age sixteen, trespass; at age seventeen, burglary in the third degree and going armed with a dangerous weapon.  The Court notes that

those were car burglaries, but at that time, car burglaries were burg. thirds in state court.

At age seventeen, another going armed with a dangerous weapon and another assault while displaying a dangerous weapon. He has been treated leniently in the juvenile system. This has not deterred him. His uncontested criminal conduct in the presentence investigation report for this offense shows very serious criminal conduct; stolen firearms, possession of a sawed-off weapon for which there is no legitimate purpose. That's not a hunting – that's not a hunting rifle. It has no legitimate purpose, and it is a very, very dangerous weapon.

Defendant has not taken full responsibility for his criminal conduct. He is at very high risk to recidivate based on his past history and, of course, his drinking.

These are the reasons why I would sentence him at 120 months, even if I'm wrong about the proper scoring of his criminal history category. I would just say parenthetically that my decision to sentence him at 120 months is bolstered by the fact that he has a number of arrests now where the conduct is not disputed, that he has been let off without any charges, and it's bolstered by the number of pending charges.

Sent. Tr. at 85-87.

Johnston filed a timely appeal contending the district court erred in applying the four-level enhancement under § 2K2.1(b)(6) and in using the four underage possession charges to calculate his criminal history score, and argues the ultimate sentence of 120 months was unreasonable.

II

The district court's interpretation and application of the guidelines is reviewed de novo, while any factual findings made under the guidelines are reviewed for clear error. United States v. Mashek, 406 F.3d 1012, 1017 (8th Cir. 2005). We are to

-5-

"consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Gall v. United States, 128 S. Ct. 586, 597 (2007).

A

Johnston first claims the district court erred in applying the four-level enhancement under § 2K2.1(b)(6) for possessing a firearm in connection with another felony offense. Stealing a firearm during the course of a burglary triggers application of the enhancement. See, e.g., United States v. Kenney, 283 F.3d 934, 938 (8th Cir. 2002); see also U.S.S.G. § 2K2.1, cmt. n.14(B) ("Subsections (b)(6) and (c)(1) apply in a case in which a defendant who, during the course of a burglary, finds and takes a firearm[.]").

The district court found Johnston burglarized Wernimont's trailer home and stole the .22 caliber rifle. He claimed he found the rifle on top of a car parked outside the trailer,[5] but Wernimont testified he stored his guns inside. The district court credited Wernimont's testimony over the defendant's implausible version of events.[6] Even if his version had been plausible, the fact this issue turns on a supportable credibility finding is the death-knell for his claim. See United States v. Tucker, 243 F.3d 499, 506 (8th Cir. 2001) ("[W]hen a trial judge's finding is based on his [or her] decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic

---

[5]Johnston did not actually testify at the sentencing hearing; his version of the events was relayed through the testimony of Deputy Sheriff Kremer.

[6]While at the same time claiming he did not enter the home, Johnston told Deputy Sheriff Kremer he thought the trailer was abandoned because it was a mess and there were feces in the toilet. When the deputy asked how he knew there were feces in the toilet if he never entered the trailer, he claimed to have seen the feces by looking through a window. The bathroom window was eight feet off the ground, however, and the toilet was not visible from outside the window.

evidence, that finding, if not internally inconsistent, can virtually never be clear error." (quoting Anderson v. City of Bessemer, 470 U.S. 564, 575 (1985))); see also United States v. Jones, 254 F.3d 692, 695 (8th Cir. 2001) (indicating a district court's "credibility findings are well-nigh unreviewable, so long as the findings are not internally inconsistent or based on testimony that is incoherent, implausible, or contradicted by objective evidence in the case.").

B

Johnston next claims the district court erred in assessing four criminal history points for the underage possession convictions he obtained when he was between the ages of eighteen and twenty-one. The guidelines set forth a list of certain offenses which are not counted for purposes of calculating a person's criminal history score, namely:

> Fish and game violations
> Hitchhiking
> Juvenile status offenses and truancy
> Local ordinance violations (except those violations that are also violations under state criminal law)
> Loitering
> Minor traffic infractions (e.g., speeding)
> Public Intoxication
> Vagrancy

U.S.S.G. § 4A1.2(c)(2). Significantly, this guideline also provides "offenses similar to [those listed], by whatever name they are known, are never counted." Id. Johnston argues convictions for underage possession of alcohol committed by a non-juvenile are "similar to" juvenile status offenses and should not be counted.

In Webb, the defendant argued an offense for underage possession by a person between eighteen and twenty-one should not be counted in calculating criminal history

because it was a juvenile status offense; the defendant also argued such an offense was similar to the offense of public intoxication. See Webb, 218 F.3d at 880 ("Webb asserts that under section 4A1.2(c)(2) the crime of prohibitions is a 'juvenile status offense' that should not have been counted and, alternatively, that it is 'similar to' public intoxication, a crime also excluded."). Notably, the defendant never raised the issue raised now by Johnston, that is, whether an offense for underage possession by a person between eighteen and twenty-one is similar to a juvenile status offense. See id. (making no mention of the defendant raising a second, alternative argument that the crime of prohibitions is "similar to" a juvenile status offense). The fact that the issue now raised by Johnston was *not* raised or addressed in Webb was noted by the Sixth Circuit in United States v. Cole, 418 F.3d 592 (6th Cir. 2005):

> The Eighth Circuit, which to our knowledge is the only Circuit to have addressed the issue of whether a minor in possession conviction constitutes a juvenile status offense, applied the three-factor test set forth in Correa[7] and concluded that a defendant's conviction for "prohibitions" under Ohio law (effectively the same crime as Michigan's "minor in possession of alcohol") was not a juvenile status offense because the defendant was nineteen at the time the offense was committed. United States v. Webb, 218 F.3d 877, 880 (8th Cir. 2000). Interestingly, and for reasons that are not clear, the court did not consider whether the defendant's conviction for "prohibitions" at the age of nineteen was similar to a juvenile status offense, despite the fact that § 4A1.2(c)(2) bars the use of a juvenile status offense or an offense similar to a juvenile status offense in determining a defendant's criminal history score.

Cole, 418 F.3d at 599.

---

[7]United States v. Correa, 114 F.3d 314, 318-19 (1st Cir. 1997) (discussing the "essential characteristics of the crime" test, one of three tests developed by the various circuits for determining whether a particular crime is "similar to" a crime listed in § 4A1.2(c)(2)).

In addressing the issue raised by Johnston, the Sixth Circuit held an underage possession charge is "similar to" a juvenile status offense, reasoning:

> [A] juvenile status offense is an offense which is illegal only because of the offender's age (under eighteen) and which is not serious. Under Michigan law, being a minor in possession of alcohol is an offense which is criminalized only because of the offender's age (under twenty-one). It is not a "serious" offense. The crux of both offenses is that they criminalize behavior for people of a certain age that is legal for people of a certain (greater) age. Indeed, in cases involving defendants under the age of eighteen, being a minor in possession of alcohol would not simply be similar to a juvenile status offense, it would constitute a juvenile status offense. We find it difficult to imagine two distinct offenses with more similar "essential characteristics," and have no difficulty concluding that being a minor in possession of alcohol is similar to a juvenile status offense, under § 4A1.2(c)(2).

Id. at 599-600.

Johnston argues we should follow the reasoning employed by the Sixth Circuit in Cole. We decline, however, to address the issue raised by Johnston because, even assuming the criminal history score was calculated incorrectly, the record indicates any alleged error would be harmless. In most cases, "[i]f the sentence was imposed as the result of an incorrect application of the guidelines, we will remand for resentencing as required by 18 U.S.C. § 3742(f)(1) without reaching the reasonableness of the resulting sentence in light of § 3553(a)." United States v. Mashek, 406 F.3d 1012, 1017 (8th Cir. 2005). There may, however, "be situations where an error in calculating the appropriate guideline range is harmless and, therefore, does not require immediate remand." Id. "One such situation is where the resulting sentence lies in the overlap between the correct and incorrect guidelines range." Id. But, "to support a finding of harmless error, the record clearly must show not only that the district court intended to provide an alternative sentence, but also that

the alternative sentence is based on an identifiable, correctly calculated guidelines range." United States v. Icaza, 492 F.3d 967, 971 (8th Cir. 2007).

Without the four criminal history points attributed to the underage possession charges, Johnston's guideline range would have been 97-121 months. This range overlaps with the 120 month sentence actually imposed by the district court, and the district court specifically identified 97-121 months as the sentencing range that would have applied absent the four criminal history points. Finally, the district court indicated it would have imposed the same 120-month sentence under either calculation of the guideline range, and thoroughly set forth the reasons for selecting a sentence of 120 months. The district court focused on Johnston's extensive "serious criminal conduct beginning at age thirteen" and his "very high risk to recidivate based on his past history," as well as the fact he had a "number of pending charges" at the time of his sentencing, among other reasons. See Sent. Tr. at 85-87. As a consequence, any error the district court may have committed in calculating the guideline range would be harmless in any event. Thus, we need not reach the issue whether Johnston's convictions for underage possession of alcohol are "similar to" juvenile status offenses under § 4A1.2(c)(2).

D

Finally, we address the reasonableness of Johnston's 120-month sentence in light of § 3553(a), the last of the claims he raises on appeal. As already noted, his sentence – although at the high end of the range – is still within the proper sentencing range and does not reflect an upward departure or variance. In addition, he has not called our attention to anything in the record, and we see nothing, which indicates the district court based the sentence on an improper or irrelevant factor, failed to consider a relevant factor, or made a clear error of judgment in weighing appropriate factors under § 3553(a). We therefore have no basis for concluding the sentence imposed by the district court was unreasonable. See Gall v. United States, 128 S. Ct. 586, 597-98

(2007) (noting the "superior position" of the district court and "institutional advantage over appellate courts" in fashioning an appropriate sentence in a particular case).

## III

We affirm the sentence imposed by the district court.

_____