# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1299

_____

United States of America,          *
                                   *
           Appellee,               *
                                   *   Appeal from the United States
     v.                            *   District Court for the Eastern
                                   *   District of Arkansas.
Angel Pineda,                      *
                                   *   [UNPUBLISHED]
           Appellant.              *

_____

Submitted: June 2, 2009
Filed: July 30, 2009

_____

Before WOLLMAN, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Angel Pineda appeals the sentence the district court[1] imposed after he pleaded guilty to possessing with intent to distribute 8 kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1). His counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967). In his pro se appellate filings, Pineda moves for substitute appellate counsel and argues that the factual basis supporting his plea was insufficient because he intended to possess only 2 kilograms of cocaine; that he should have received a minor-role reduction; that he should have been granted

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

relief under U.S.S.G. § 5C1.2; that the district court erred in failing to articulate specific 18 U.S.C. § 3553(a) factors when announcing the sentence; and that his counsel provided ineffective assistance. For the reasons discussed below, we affirm.

First, Pineda stipulated in his written plea agreement that his base offense level would be based on 8 kilograms of cocaine and that he was not entitled to a minor-role reduction. See United States v. Castaneda-Villa, 345 F.3d 668, 669 (8th Cir. 2003) (per curiam) (district court did not err in sentencing defendant without applying mitigating-role reduction where, inter alia, defendant stipulated in plea agreement that he was not eligible for reduction); United States v. Scott, 243 F.3d 1103, 1108-09 (8th Cir. 2001) (plea-agreement stipulation to base offense level based on particular drug quantity waives argument that drug-quantity determination that resulted in stipulated-to base offense level was erroneous); United States v. His Law, 85 F.3d 379, 379 (8th Cir. 1996) (per curiam) (defendant is bound by promise made in plea agreement). Second, Pineda was not eligible for relief under U.S.S.G. § 5C1.2 because he had 12 criminal history points. See U.S.S.G. § 5C1.2(a)(1) (to be eligible for relief under this section, inter alia, defendant must have no more than 1 criminal history point); United States v. Webb, 218 F.3d 877, 881-82 (8th Cir. 2000) (same). Third, the district court's stated considerations demonstrate that it considered the section 3553(a) factors in fashioning the sentence it imposed. See United States v. Dieken, 432 F.3d 906, 909 (8th Cir. 2006) (district court is not required to specifically articulate each § 3553(a) factor on record when it imposes sentence as long as it is clear that factors were considered).

Finally, we adhere to the usual rule of requiring any claim of ineffective assistance of counsel to be raised in a 28 U.S.C. § 2255 motion. See United States v. Ramirez-Hernandez, 449 F.3d 824, 827 (8th Cir. 2006) (this court "will consider ineffective-assistance claims on direct appeal only where the record has been fully developed, where not to act would amount to a plain miscarriage of justice, or where counsel's error is readily apparent").

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues.  Accordingly, we affirm the district court's judgment, we grant counsel's motion to withdraw, subject to counsel advising Pineda of his right to file a petition for a writ of certiorari, and we deny Pineda's motion for appointment of substitute appellate counsel.

_____