# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1669

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of Minnesota. |
| Michael O. Heilmann, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted:  November 15, 2000

Filed:  January 3, 2001

_____

Before LOKEN, LAY, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

The government appeals the district court's departure below the applicable guidelines range.  We vacate the sentence and remand the case for further proceedings.

Pursuant to a written plea agreement in which the government agreed to dismiss an indictment charging him with possession with intent to distribute methamphetamine, see 21 U.S.C. § 841(a)(1), Michael Heilmann pleaded guilty to a charge of traveling interstate to promote and facilitate the commission of felony drug offenses, see 18 U.S.C. § 1952(a)(3).  At sentencing, the court set the base offense level at 28, granted

a three-level acceptance-of-responsibility reduction, and calculated a "total offense level of 25."

The court recognized that Mr. Heilmann "had" two criminal history points -- one from a prior battery conviction and one from a conviction for trespass to his father's vehicle -- that would have resulted in a category II criminal history and a guidelines imprisonment range of 63-78 months, subject to a five-year statutory maximum, see 18 U.S.C. § 1952(a)(3)(A). But, comparing the trespass offense to a family feud, as suggested by Mr. Heilmann's motion for a downward departure, the court excluded the criminal history point with respect to that conviction only, consequently lowered the criminal history to category I, and announced a guidelines range of 57-71 months (subject to the five-year statutory maximum). See U.S.S.G. § 4A1.1(c) (adding one criminal history point for each prior sentence not otherwise counted), and U.S.S.G. § 4A1.3 (policy statement) (permitting downward departure if defendant's criminal history category significantly overrepresents seriousness of defendant's criminal history).

The court then imposed a 48-month sentence, after making the following observation:

> It represents a downward departure because 57 months is the bottom range of the guidelines, it's kind of calculated because they had a computer that worked out all of these things and it seems to me that four years is a reasonable number, and 60 months is too long, and I can parse this out as I want. But it seems to me we're about at a four-year level and might as well leave it at that level.

On appeal, the government argues that the court provided no factual basis to support a departure to a sentence under 57 months. Mr. Heilmann contends, on the other hand, that his sentence resulted from an unreviewable exercise of the court's discretion, because it fell "well within" the 46-57 month range applicable to a category I criminal history and an offense level of 23. He maintains that the court decreased his

offense level to 23 by implicitly granting him safety-valve relief under U.S.S.G. § 5C1.2. See U.S.S.G. § 2D1.1(b)(6) (grant two-level decrease in offense if defendant meets criteria of § 5C1.2).

We conclude that the district court abused its discretion by departing below 57 months. *See United States v. Allery*, 175 F.3d 610, 614 (8th Cir. 1999) ("lack of prior criminal history can never furnish the basis for a downward departure"), and U.S.S.G. § 4A1.3 (policy statement) (lower limit of range for criminal history category I is set for a first offender with the lowest risk of recidivism; departure below the lower limit of the guidelines range for category I on the basis of the adequacy of criminal history "cannot be appropriate"). Mr. Heilmann's contention that he was sentenced within the applicable guidelines range reflects a misunderstanding of the charge to which he pleaded, the relevant guidelines, and this court's precedent: He pleaded guilty to violating 18 U.S.C. § 1952, not 21 U.S.C. § 841; he therefore was ineligible for consideration under U.S.S.G. § 5C1.2, as it applies only to statutes with mandatory minimum sentences; and he could not have received safety-valve relief in any case because of his two criminal history points, *see United States v. Webb*, 218 F.3d 877, 881 (8th Cir. 2000), *petition for cert. filed* (Dec. 11, 2000) (U.S.S.G. § 4A1.3 does not authorize addition or subtraction of criminal history points from a defendant's record so as to create eligibility for safety-valve relief), and U.S.S.G. § 5C1.2(1) (defendant may not have more than one criminal history point).

Accordingly, we vacate the sentence and remand the case for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-