# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2019

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of Minnesota. |
| | * | |
| Shellie Lee Langmade, | * | [PUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted:  December 13, 2000

Filed:  January 8, 2001

_____

Before McMILLIAN, FAGG, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Shellie Lee Langmade pleaded guilty to conspiracy to manufacture methamphetamine.  The presentence report (PSR) assigned Langmade three criminal history points under U.S.S.G. § 4A1.1 resulting in a criminal history category of II, but the district court departed downward under U.S.S.G. § 4A1.3 to a criminal history category of I, finding category II overstated the seriousness of Langmade's past criminal conduct.  Although Langmade's sentencing range was then 70-87 months, the amount of drugs involved triggered a statutory mandatory minimum sentence of ten years imprisonment.  At sentencing, Langmade argued she was eligible for relief under

the "safety valve," U.S.S.G. § 5C1.2, which requires a district court to sentence a defendant within the applicable guidelines range regardless of any statutory minimum sentence if, among other things, the defendant does not have more than one criminal history point "as determined under the sentencing guidelines." U.S.S.G. § 5C1.2(1). The district court decided that given its downward departure to criminal history category I under § 4A.1.3, it could apply the safety valve in § 5C1.2. The Government appeals. T he district court's reduction of Langmade's criminal history category under § 4A1.3 does not delete criminal history points for the purposes of the safety valve. See United States v. Webb, 218 F.3d 877, 881 (8th Cir. 2000). Because Langmade was properly charged with three criminal history points under § 4A.1.1, she does not qualify for the safety valve reduction under § 5C1.2. See id. at 882. We thus reverse and remand for resentencing consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.