# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1972

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Minnesota. |
| | * | |
| Gary Dewitt Miller, also known as 'G', | * | **[UNPUBLISHED]** |
| | * | |
| Appellant. | * | |

_____

Submitted:  April 2, 2002
Filed:  April 4, 2002

_____

Before McMILLIAN, FAGG, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Gary Dewitt Miller pleaded guilty to conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846. The district court[1] found Miller ineligible for safety-valve relief under U.S.S.G. § 5C1.2 and sentenced him to 60 months in prison, the statutory minimum, and 4 years supervised release. On appeal, counsel has moved to withdraw under Anders v. California, 386 U.S. 738 (1967), and has filed a brief

_____

[1]The HONORABLE JAMES M. ROSENBAUM, Chief Judge, United States District Court for the District of Minnesota.

raising the issue whether the district court erred in denying safety-valve relief. After careful review of the record, we affirm.

The district court did not err because Miller's Category II criminal history made him ineligible for safety-valve relief. See U.S.S.G. § 5C1.2. Even if the district court had granted Miller a downward departure under U.S.S.G. § 4A1.3 to a Category I criminal history, as Miller had requested, he still would not have qualified for the safety-valve reduction. See United States v. Langmade, 236 F.3d 931, 931-32 (8th Cir. 2001) (per curiam); Webb, 218 F.3d at 881.

Accordingly, we affirm and grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.