# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3516

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Matthew M. Stone, | * | |
| | * | [UNPUBLISHED] |
| Appellee. | * | |

_____

Submitted: June 13, 2002

Filed: June 24, 2002

_____

Before RILEY, BEAM, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Matthew Stone (Stone) pled guilty to conspiracy to manufacture methamphetamine in violation of 21 U.S.C. § 841. The presentence report (PSR) assigned Stone four criminal history points under U.S.S.G. § 4A1.1 resulting in a criminal history category of III, but the district court departed downward under U.S.S.G. § 4A1.3 to a criminal history category of I, finding category III overstated the seriousness of Stone's past criminal conduct. Although Stone's sentencing range was then 87-108 months, the amount of drugs involved triggered a statutory mandatory minimum sentence of ten years imprisonment. See § 841(b)(1).

At sentencing, Stone argued, and the district court agreed, that he was eligible for relief under the "safety valve," U.S.S.G. § 5C1.2, which requires a district court to sentence a defendant within the applicable guidelines range regardless of any statutory minimum sentence if, among other things, "the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines." U.S.S.G. § 5C1.2(a)(1). The district court decided that given its downward departure to criminal history category I under § 4A1.3, it could apply the safety valve in § 5C1.2. Additionally, the district court stated that because Stone's co-conspirators had received lesser sentences than Stone due to the government's filing of substantial assistance motions, Stone should receive some parity. The government appeals.

The district court's reduction of Stone's criminal history category under § 4A1.3 does not delete criminal history points for the purposes of the safety valve. See United States v. Webb, 218 F.3d 877, 881 (8th Cir. 2000). Because Stone was properly charged with four criminal history points under § 4A1.1, he does not qualify for the safety valve reduction under § 5C1.2. United States v. Langmade, 236 F.3d 931, 932 (8th Cir. 2001); Webb, 218 F.3d at 882; see also United States v. Heilmann, 235 F.3d 1146, 1148 (8th Cir. 2001). Furthermore, the disparity between the sentences of Stone and his co-conspirators is not a legitimate reason for the change in sentence. See United States v. Buckendahl, 251 F.3d 753, 759 (8th Cir. 2001) (Disparities in sentences among codefendants resulting from a routine exercise of prosecutorial discretion are generally unsuitable for departure.)

Stone asks the court to reexamine its earlier opinions of Langmade, 236 F.3d at 932 and Webb, 218 F.3d at 881-82. Since one panel cannot overturn the precedent established by the decisions of other panels, we reverse and remand for resentencing consistent with the precedent of this circuit.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.