# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1442
_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Terrence Odell Watson, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: August 20, 2002

Filed: August 28, 2002
_____

Before WOLLMAN, RILEY, and MELLOY, Circuit Judges.
_____

PER CURIAM.

Terrence Odell Watson (Watson) appeals his sentence. Watson pled guilty to conspiracy to distribute and possession with intent to distribute in excess of 50 grams of cocaine base and 125 grams of cocaine in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. The presentence report assigned Watson five criminal history points under U.S.S.G. § 4A1 (2001), resulting in a criminal history category of III, but the district court[1] departed downward under section 4A1.3 to a criminal history category of II,

_____

[1] The Honorable David S. Doty, United States District Judge for the District of Minnesota.

finding category III overstated the seriousness of Watson's past criminal conduct. Although Watson's sentencing range was then 97-121 months, the amount of drugs involved triggered a statutory mandatory minimum sentence of ten years imprisonment. See 21 U.S.C. § 841(b)(1).

Watson argues the district court should have departed downward to category I, and he would then have been eligible for a sentence below the statutory mandatory minimum sentence under the safety valve reduction of section 5C1.2. To qualify for safety valve relief, a defendant may not be charged with more than one criminal history point as determined under section 4A1.1. See U.S.S.G. § 5C1.2(a)(1) & application note 1. Because Watson was properly charged with five criminal history points under section 4A1, he does not qualify for the safety valve reduction under section 5C1.2. See United States v. Langmade, 236 F.3d 931, 932 (8th Cir. 2001); United States v. Webb, 218 F.3d 877, 881-82 (8th Cir. 2000); see also United States v. Heilmann, 235 F.3d 1146, 1148 (8th Cir. 2001).

We therefore affirm the sentence. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.