# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3928

_____

United States of America,              *

                              *

            Appellee,         *

                              *   Appeal from the United States

     v.                  *   District Court for the

                              *   Southern District of Iowa.

Vanessa Trinidad Cabrera,     *

                              *      [UNPUBLISHED]

           Appellant.       *

_____

Submitted: February 7, 2006
Filed: February 16, 2006

_____

Before MELLOY, FAGG, and BENTON, Circuit Judges.

_____

PER CURIAM.

Vanessa Cabrera appeals the 120-month statutory mandatory minimum sentence the district court[1] imposed after she pleaded guilty to conspiring to distribute 500 grams or more of a methamphetamine mixture and 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. Cabrera's counsel has moved to withdraw, and in a brief filed under Anders v. California, 386 U.S. 738 (1967), he argues that, because United States v. Booker, 125 S. Ct. 738 (2005), made the Sentencing Guidelines advisory, the case should be

_____

[1]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

remanded for resentencing so the district court can decide whether it will reduce Cabrera's Category II criminal history to Category I, thereby making her eligible for "safety-valve" relief under 18 U.S.C. § 3553(f).

Counsel's argument is unavailing, because Cabrera did not contest the assessment of her 3 criminal history points by objecting to the presentence report's assessment of those points for her prior sentences. See 18 U.S.C. § 3553(f) (district court may sentence below mandatory minimum if, inter alia, defendant does not have more than 1 criminal history point); U.S.S.G. § 5C1.2(a)(1) (same); United States v. Thorn, 413 F.3d 820, 823 (8th Cir.) (facts presented in PSR are deemed admitted unless defendant objects to inclusion of those facts), cert. denied, 126 S. Ct. 637 (2005); United States v. Langmade, 236 F.3d 931, 931-32 (8th Cir. 2001) (per curiam) (reduction of defendant's criminal history category under U.S.S.G. § 4A1.3 does not delete criminal history points for purposes of safety-valve relief; where defendant was properly charged with 3 criminal history points under U.S.S.G. § 4A1.1, she did not qualify for safety-valve reduction).

Having reviewed the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____