# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-3133

———————

United States of America,

              Appellee,

    v.

Octavio Monzalvez-Salinas, also
known as Fredy Herrera, also known
as Juan Cogles-Pagan,

              Appellant.

\* Appeal from the United States
\* District Court for the Southern
\* District of Iowa.
\*
\* [UNPUBLISHED]

———————

Submitted: March 13, 2006
Filed: March 20, 2006

———————

Before WOLLMAN, FAGG, and RILEY, Circuit Judges.

———————

PER CURIAM.

Octavio Monzalvez-Salinas pleaded guilty to conspiracy to distribute five hundred grams or more of actual methamphetamine, and to illegally reentering the United States after deportation. The district court[*] sentenced Monzalvez-Salinas post-Booker to 151 months in prison and five years of supervised release.

———————

[*]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

On appeal, Monzalvez-Salinas contends the district court committed error in enhancing his offense level under U.S.S.G. § 3B1.4 for using a minor to commit the offense and under § 3B1.1(c) for being an organizer, leader, manager or supervisor in his offense. According to Monzalvez-Salinas, there is no factual basis for the enhancements because he did not admit the underlying facts and a jury did not make the necessary findings. Because the district court applied the guidelines in an advisory manner, however, the court could properly find sentence-enhancing facts by a preponderance of the evidence. United States v. Garcia-Gonon, 433 F.3d 587, 593 (8th Cir. 2006). The district court did not commit clear error in making its findings. The evidence supports the court's conclusion that Monzalvez-Salinas recruited and then directed another person in the conspiracy to distribute methamphetamine, see United States v. Bahena, 223 F.3d 797, 804 (8th Cir. 2000), and that the person recruited and directed was a minor, see United States v. Paine, 407 F.3d 958, 964-65 (8th Cir. 2005).

Monzalvez-Salinas also argues the district court committed error in denying him relief under the safety valve provisions of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2(a). To qualify for safety valve relief, Monzalvez-Salinas must show, among other things, that he does not have more than one criminal history point, and that he did not organize, lead, manage, or supervise others in the offense. United States v. Marshall, 411 F.3d 891, 895 (8th Cir. 2005). We have already rejected Monzalvez-Salinas's contention that the district court improperly found he was the organizer, leader, manager, or supervisor of another in the offense. Monzalvez-Salinas also argues his criminal history category of II overstates the seriousness of his past criminal history. Even if the seriousness of a defendant's past criminal conduct is overstated, criminal history points cannot be deleted for the purposes of the safety valve. United States v. Langmade, 236 F.3d 931, 932 (8th Cir. 2001) (per curiam). Thus, Monzalvez-Salinas is not eligible for safety valve relief.

We affirm the district court.

_____