NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 9, 2013
Decided May 13, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 12-1997

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 11-CR-229 |
| ANA CRUZ HERNANDEZ-ORTIZ, *Defendant-Appellant*. | William C. Griesbach, *Chief Judge*. |

**O R D E R**

Ana Hernandez-Ortiz was found guilty after a bench trial of attempting to possess cocaine with intent to distribute. *See* 21 U.S.C. §§ 841(a)(1), 846. The district court sentenced her to 12 months and one day in prison, well below the guidelines range of 51 to 63 months. Hernandez-Ortiz filed a notice of appeal, but her newly appointed lawyer has concluded that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Hernandez-Ortiz has not responded to our invitation to comment on counsel's submission. *See* CIR. R. 51(b). Counsel's supporting brief is facially adequate, and we review only the potential issues she identifies. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

The trial evidence was brief, and much of it was by stipulation. In late September 2009, customs inspectors conducting a routine postal screening had found almost 500 grams of cocaine in a package mailed from Honduras. The package was addressed to "Jessica Perez" in Apartment 1 of a two-unit house in Green Bay, Wisconsin. Along with the cocaine were family photos and a letter wishing happy holidays to the sender's "sister" and "brother in law Silvestre." A postal inspector posing as a mail carrier went to deliver the package, but neither apartment door was numbered, so he knocked on both. No one answered either knock, though a woman was standing outside using her cell phone. He showed her the package for "Perez," which she signed for using her own name and carried into the downstairs apartment.

Agents obtained a search warrant for that unit and found the package inside, still unopened. Rosa Lopez, the woman with the phone, was present during the search and told the agents that Hernandez-Ortiz, who lived upstairs, had said "Perez" was her daughter. The investigators then secured a second warrant for the upstairs apartment, where they discovered a digital scale, a baggie with about 11 grams of an undetermined white powder, marijuana and drug paraphernalia, and a counterfeit green card.

Meanwhile, as the investigators waited for that second warrant, a car they had seen at the house during surveillance passed by slowly but did not stop. An agent followed until the driver parked, and the three occupants, including Hernandez-Ortiz and her boyfriend, Silvestre Fraire, acknowledged living in the upstairs apartment. They voluntarily returned to the building, where all three were arrested. After receiving *Miranda* warnings, Hernandez-Ortiz gave a recorded statement, telling the agents that two of her sons had been kidnaped by unknown men in Honduras and that she had agreed to receive four packages addressed to Jessica Perez in exchange for the men's promise to release the boys. The seized package, she said, was the second or third (the number changed throughout the interview). She denied opening the first two and claimed that those packages had been retrieved (by whom she did not say) from outside her building or the car where she had left them (the location changed as the interview progressed). When the agents showed her the photos, Hernandez-Ortiz acknowledged that the persons depicted were her parents, friend, sister, and nephews. She could not explain why the letter and photos would have been included with cocaine from the abductors in a box that she was not going to open.

Hernandez-Ortiz did not testify, yet her lawyer still argued duress as an affirmative defense. According to counsel, the defendant had agreed to receive the packages only to save her sons and did not know the contents. The judge did not believe Hernandez-Ortiz's story, citing the shifting details provided during her interview, her sister's letter and family photos found in the package, and the value of the cocaine.

In her *Anders* submission counsel first considers whether Hernandez-Ortiz could challenge the admission of any of the evidence presented at trial but appropriately concludes that an appellate claim would be frivolous. The reason, says counsel, is that Hernandez-Ortiz, through her trial lawyer, waived any potential error by stipulating to much of the government's factual presentation and affirmatively stating that she had "no objection" as each exhibit was offered into evidence. *See United States v. Schalk*, 515 F.3d 768, 774 (7th Cir. 2008); *United States v. Firishchak*, 468 F.3d 1015, 1024 (7th Cir. 2006); *United States v. Redditt*, 381 F.3d 597, 602 (7th Cir. 2004). We agree with appellate counsel's conclusion about waiver, but the absence of an objection is inconsequential unless there was a basis to object, and appellate counsel concedes that she hasn't identified a ground for excluding any of the trial evidence. That alone would make an appellate claim frivolous.

We also agree with counsel that it would be frivolous to argue that the district court erred in denying Hernandez-Ortiz's motion for judgment of acquittal**.** To convict Hernandez-Ortiz the government had to prove that she took a substantial step toward possessing with intent to distribute what she knew was a controlled substance. *See* 21 U.S.C. §§ 841(a)(1), 846; *United States v. Stallworth*, 656 F.3d 721, 728 (7th Cir. 2011), *cert. denied*, 132 S. Ct. 1597 (2012); *United States v. Lane*, 591 F.3d 921, 926 (7th Cir. 2010). In her recorded statement played at trial, Hernandez-Ortiz admitted that she was the intended recipient of the seized package, which contained almost a half of a kilogram of cocaine. The drug weight alone raises an inference of intent to distribute the cocaine, *see United States v. Puckett*, 405 F.3d 589, 601 (7th Cir. 2005); *United States v. Breland,* 356 F.3d 787, 792 n.3 (7th Cir. 2004), and that inference was bolstered by the presence of a digital scale, *see United States v. Irby*, 558 F.3d 651, 654 (7th Cir. 2009). The district court also found her duress defense not credible; kidnappers would not be sending family photos and holiday greetings from the defendant's sister in a package that, according to Hernandez-Ortiz, she was supposed to relinquish without opening. And credibility findings made during a bench trial, as with a jury trial, are entitled to deference. *See United States v. Wasson*, 679 F.3d 938, 949 (7th Cir. 2012), *cert. denied*, 133 S. Ct. 1581 (2013); *United States v. Carraway*, 612 F.3d 642, 645 (7th Cir. 2010).

Counsel next considers whether Hernandez-Ortiz could argue that the district court miscalculated her guidelines imprisonment range. Although the court rejected three objections that Hernandez-Ortiz had made to the probation officer's proposed guidelines calculations, we agree with counsel that an appellate challenge on any of those grounds would be frivolous.

First, she objected to the base offense level, since the intercepted package contained only 493 grams of cocaine while 500 grams is the minimum necessary to trigger the Level 26 assigned by the probation. *See* U.S.S.G. § 2D1.1(c)(7). But Hernandez-Ortiz had

told the investigators that she received two more suspicious packages, and postal records showing other shipments from Honduras corroborate that statement. It was not clear error for the court to conclude that the other two packages would have contained at least 7 grams of cocaine. *See United States v. Acosta,* 534 F.3d 574, 583–84 (7th Cir. 2008) (concluding that district court, in calculating drug quantity, did not commit clear error by inferring that similar transactions involved similar drug amounts).

Second, Hernandez-Ortiz maintained that she qualified for a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). But the defendant never expressed "genuine contrition." *See United States v. DeLeon*, 603 F.3d 397, 408 (7th Cir. 2010). She put the government to its burden of proof at trial by denying that she knew that the packages contained drugs and asserted a factual defense of duress. *See* U.S.S.G. § 3E1.1 cmt. n.2, *DeLeon*, 603 F.3d at 407–08 (upholding denial of § 3E1.1 reduction for defendant who asserted entrapment defense at trial); *United States v. Hendricks*, 319 F.3d 993, 1009 (7th Cir. 2003) (upholding denial of § 3E1.1 reduction for defendant who contested mens rea element at trial); *United States v. Molina*, 596 F.3d 1166, 1169 (9th Cir. 2010) (upholding denial of § 3E1.1 reduction for defendant who asserted duress defense at trial).

Third, Hernandez-Ortiz maintained that she should have received a safety-valve reduction under U.S.S.G. § 5C1.2. Counsel rejects the challenge for two reasons. First she asserts that the guideline was inapplicable because there was no statutory minimum sentence from which to exempt her. *See* U.S.S.G. § 5C1.2 cmt. n.9; *United States v. Heilmann*, 235 F.3d 1146, 1147–48 (8th Cir. 2001). But had Hernandez-Ortiz otherwise met the criteria for a safety-valve reduction her offense level would have been decreased by two. *See* U.S.S.G. § 2D1.1(b)(16). We agree, however, with counsel's second reason for rejecting this challenge: the district court did not clearly err in finding that Hernandez-Ortiz had not proved she truthfully admitted her involvement in the offense because she continued to deny any culpability through sentencing. *See* U.S.S.G. § 5C1.2(a)(5); *United States v. Corson*, 579 F.3d 804, 813–14 (7th Cir. 2009); *United States v. Rodríguez-Durán*, 507 F.3d 749, 773-74 (1st Cir. 2007).

Finally, counsel considers but rejects as frivolous a challenge to the reasonableness of Hernandez-Ortiz's prison sentence. Counsel has not identified any reason to set aside the presumption of reasonableness applicable to sentences below the guidelines range. *See United States v. Curtis*, 645 F.3d 937, 943 (7th Cir. 2011); *United States v. Liddell*, 543 F.3d 877, 885 (7th Cir. 2008). Before imposing sentence the district court looked to 18 U.S.C. § 3553(a) and discussed Hernandez-Ortiz's background of extreme poverty and abuse, her efforts over the years to support her 10 children in Honduras, and her minor role in the drug scheme. The court determined, however, that a year's imprisonment was necessary to

punish her for her unrepentant possession of a large amount of cocaine. Thus any challenge to the reasonableness of her sentence would be frivolous.

The motion to withdraw is GRANTED, and the appeal is DISMISSED.